IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAHENA PROPERTIES LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 4:26-cv-00008 |
| FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST SERIES 2020-3, AND SELENE FINANCE LP, | § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST SERIES 2020-3'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 12 U.S.C. § 1452(f), and 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Federal Home Loan Mortgage Corporation as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust Series 2020-3 ("Freddie Mac") hereby removes this action from the 458th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

**I.
STATE COURT ACTION**

1.      On or about October 6, 2025, Plaintiff Bahena Properties LLC ("Plaintiff") filed Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Request for Disclosures (the "Petition") in the 458th Judicial District Court of Fort Bend County, Texas, in an action styled *Bahena Properties LLC vs. Federal Home*

Page 1

*Loan Mortgage Corporation as Trustee for the Benefit of the Freddie Mac Seasoned Loans Structured Transaction Trust Series 2020-3 and Selene Finance LP,* Cause No. 25-DCV-335615 (the "State Court Action").

2.  In the Petition, Plaintiff alleges on or about April 29, 2022, it purchased the real property located at 7730 Chaseview Dr., Missouri City, Texas 77489 (the "Property"). Plaintiff alleges that when it purchased the Property, it assumed the Note and Deed of Trust (collectively, the "Loan"). Plaintiff alleges it had a tenant renting the Property who was making payments on the Loan directly to Defendants until August 2024 when the tenant defaulted on the payments. Plaintiff alleges it did not learn of the default until March 26, 2025, when it began receiving mail from investors and attorneys regarding an upcoming foreclosure sale scheduled for April 1, 2025. Plaintiff asserts it did not receive any notice from Defendants regarding the foreclosure sale. Plaintiff further asserts Defendants posted the Property for foreclosure without sending Plaintiff any notice of default, notice of acceleration or notice of foreclosure sale in violation of the Texas Property Code, the Deed of Trust and Plaintiff's due process rights.

3.  Plaintiff alleges a dispute has arisen concerning payments made by and between the parties. Plaintiff alleges Defendants are attempting to wrongfully sell the Property in violation of the Texas Property Code, the Deed of Trust, and Plaintiff's due process rights.

4.  Plaintiff asserts claims for breach of contract, violations of the Texas Property Code, accounting and redemption, and breach of the duty of cooperation. Plaintiff seeks an accounting and/or redemption under the Loan and a temporary restraining order, a temporary injunction and permanent injunction precluding foreclosure. Plaintiff further seeks actual damages, exemplary damages, attorneys' fees and court costs.

5.      Freddie Mac hereby removes the State Court Action to this Court based on federal question jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

6.      This action is properly removed to this Court, as the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

7.      This Notice of Removal is timely filed because Defendants have not been served. *See* 28 U.S.C. §§ 1446(b)(1).

8.      The United States District Court for the Southern District of Texas, Houston Division has original jurisdiction over this action based on federal question jurisdiction because the Petition asserts claims arising under federal law. *See* 28 U.S.C. § 1331.

9.      Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following material:

(a)     **Exhibit A**:    Civil Cover Sheet;

(b)     **Exhibit B**:    Index of Matters Being Filed;

   **Exhibit B-1**    A true and correct copy of the state court Docket Sheet;

   **Exhibit B-2**    A true and correct copy of Plaintiff's Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Request for Disclosures filed on October 6, 2025;

   **Exhibit B-3**    A true and correct copy of the Temporary Restraining Order signed on October 6, 2025;

   **Exhibit B-4**    A true and correct copy of Defendants' Original Answer and Affirmative Defenses filed on January 2, 2026.

(c)     **Exhibit C**:    List of Counsel of Record;

(d)     **Exhibit D**:    Defendant Selene Finance LP's Consent to Removal.

10. Simultaneously with the filing of this Notice of Removal, Freddie Mac is filing a copy of the Notice of Removal in the 458th Judicial District Court of Fort Bend County, Texas pursuant to 28 U.S.C. § 1446(d).

## III.
## FEDERAL QUESTION JURISDICTION

A. **This Court has Original Jurisdiction Over Plaintiff's Claims Against Freddie Mac**

11. Because Freddie Mac is a party to the State Court Action, this Court has original jurisdiction over this case. *See* 12 U.S.C. § 1452(f); 28 U.S.C. §§ 1331, 1441(a); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 924 (5th Cir. 1997) (citing 12 U.S.C. § 1452(f) for the proposition that "all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value"). Consequently, removal of the State Court Action to this Court is proper.

B. **This Court has Supplemental Jurisdiction Over Plaintiff's Claims Against Selene**

12. This Court has supplemental jurisdiction over Plaintiff's claims against Selene because they are so related to the claims against Freddie Mac that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'" as claims that do independently come within the court's jurisdiction). Federal district courts have supplemental jurisdiction over

state law claims that share a "'common nucleus of operative fact'" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 164-65 (1977)).  This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id*. at 806.

13.     Plaintiff's claims against Selene share a common nucleus of operative facts with, and form part of the same case or controversy as, Plaintiff's claims against Freddie Mac.  Specifically, Plaintiff asserts all its substantive claims against both Defendants, and thus, the claims share a common nucleus of operative fact and constitute the same case or controversy.  Because 28 U.S.C. § 1367(a) grants this Court supplemental jurisdiction over Plaintiff's state law claims against Selene, removal of the entire case to this Court is appropriate.  *See Jamal,* 97 F. Supp. 2d at 806.

## IV.
## CONSENT TO REMOVAL

14.     Selene consents to this Notice of Removal by virtue of Defendant Selene Finance LP's Consent to Removal attached hereto as **Exhibit D** and incorporated by reference.

## V.
## CONCLUSION

WHEREFORE, Freddie Mac removes this action from the 458th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

/s/ Jason L. Sanders
_____
**Jason L. Sanders, Attorney in Charge**
 Southern I.D. No. 597751
 Texas Bar No. 24037428
 jsanders@sanderscollins.com
 (214) 894-9981 Direct
 (214) 499-7709 Cell
**Matthew H. Davis**
 Southern I.D. No. 1124612
 Texas Bar No. 24069580
 mdavis@sanderscollins.com
 (214) 894-9985 Direct
 (713) 471-6868 Cell
**Caroline E. Allen**
 Southern I.D. No. 3708027
 Texas Bar No. 24121320
 callen@sanderscollins.com
 (214) 894-9982 Direct
 (575) 808-3206 Cell
SANDERS COLLINS PLLC
6301 Gaston Ave., Suite 1121
Dallas, Texas  75214
Main Telephone:  (214) 894-9980
Facsimile:  (214) 242-3004
www.sanderscollins.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via Email and/or U.S. Mail pursuant to the Federal Rules of Civil Procedure on this 2nd day of January, 2026.

/s/ Jason L. Sanders
_____
Counsel for Defendants